UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TYLER WOODERS, ET AL.**                                    **CIVIL ACTION**

**VERSUS**

**NO. 15-601-JWD-RLB**

**GREGORY DAVENPORT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 20, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TYLER WOODERS, ET AL.**                                **CIVIL ACTION**

**VERSUS**

**GREGORY DAVENPORT, ET AL.**                    **NO. 15-601-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Third-Party Defendant Shanita Cobb's Declinatory Exception of Insufficient of Service of Process (R. Doc. 26) and Second Declinatory Exception of Insufficient of Service of Process (R. Doc. 33).  Ms. Cobb seeks an order requiring Third-Party Plaintiff Gregory Davenport to effect proper service of process on her.

Mr. Davenport has not filed an Opposition to either motion in the time required by the Court's briefing schedule and/or Local Rule 7(f).  Accordingly, both motions are deemed unopposed.

**I.     Background**

On August 4, 2015, Plaintiffs filed a Petition in state court alleging that a 2004 Chevy Tahoe operated by Tyler Wooders, and owned by Ms. Cobb, was struck by a 2008 BMW X6 driven by Mr. Davenport or a permissive driver. (R. Doc. 1-2 at 3).  The Petition asserts that plaintiffs Reginald Leblanc, Joshua Cobb, and a minor individual were passengers in the Chevy Tahoe at the time of the accident. (R. Doc. 1-2 at 3).  The action was subsequently removed to federal court. (R. Doc. 1).

On June 6, 2016, Mr. Davenport filed a Third Party Demand and Cross-Claim into the record, which asserted a counterclaim against Mr. Wooders; a crossclaim against co-defendant State Farm Insurance Company; and a third-party claim against Ms. Cobb. (R. Doc. 20).

On July 13, 2016, Mr. Davenport filed a summons return indicating that Ms. Cobb had been personally served on June 20, 2016 at 618 Pennsylvania Street, New Roads, Louisiana. (R. Doc. 23). The process server declared under penalty of perjury that a copy of the Third Party Complaint and Summons were personally served on Shanita Cobb at the Pennsylvania Street address. (R. Doc. 23 at 2).

On July 20, 2016, Ms. Cobb filed her first motion asserting that she denies having been personally served the Third Party Complaint on June 20, 2016, and that domiciliary service at the Pennsylvania Street address was improper because Ms. Cobb had not resided at that address for more than 10 years, and now lives in Baton Rouge, Louisiana. (R. Doc. 26-1 at 3). Ms. Cobb asserts that her motion is brought pursuant to Louisiana Civil Code of Procedure article 925, and she seeks an order requiring Mr. Davenport "to effect proper and lawful service upon Shanita Cobb at her established residence, and in default thereof, Shanita Cobb should be dismissed with prejudice at the Third-Party Plaintiff's cost." (R. Doc. 26-1 at 3). The Court construes Plaintiff's first motion as a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.

On August 29, 2016, Mr. Davenport filed a second summons return indicating that Ms. Cobb had been personally served by another process server on August 22, 2016 at 618 Pennsylvania Street, New Roads, Louisiana. (R. Doc. 30). As with the first process server, this second process server declared under penalty of perjury that a copy of the Third Party Complaint

2

and Summons were personally served on Shanita Cobb at the Pennsylvania Street address. (R. Doc. 23 at 2).

On September 8, 2016, Ms. Cobb filed her second motion wherein she denies having been personally served the Third Party Complaint on August 22, 2016, and that domiciliary service at the Pennsylvania Street address was improper because Ms. Cobb had not resided at that address for more than 10 years, and now lives in Baton Rouge, Louisiana. (R. Doc. 33-2 at 2). Ms. Cobb again seeks an order requiring Mr. Davenport "to effect proper and lawful service upon Shanita Cobb at her established residence, and in default thereof, Shanita Cobb should be dismissed with prejudice at the Third-Party Plaintiff's cost." (R. Doc. 26-1). The Court also construes Plaintiff's second motion as a motion to dismiss pursuant to 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.

On October 5, 2016, the Court filed Mr. Davenport's Amended Third Party Demand and Cross-Claim into the record. (R. Doc. 35).

## II.    Law and Analysis

Under Federal Rule of Civil Procedure 4(c)(1), the plaintiff is responsible for serving the defendant with a complaint and summons.[1]  If a plaintiff performs an insufficient service of process, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). The party making service has the burden of demonstrating its validity when an objection to service is made. *Holly v. Metro. Transit Authority*, 213 Fed. App'x. 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *Aetna Business*

---

[1] The Federal Rules of Civil Procedure provide for service of process by doing any of the following: (1) delivering a copy of the summons and complaint to defendant personally, (2) leaving a copy of the summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides therein, or (3) delivering a copy of the summons and complaint to an authorized agent. Fed. R. Civ. P. 4(e)(2).

3

*Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). "The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (quoting *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (internal quotation marks omitted); *see also Nabulsi v. Nahyan*, No. 06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009) ("Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service.").

If the plaintiff fails to establish the validity of service, Rule 12(b)(5) allows for dismissal of the action. Dismissal of a case under Rule 12(b)(5), however, "is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Cockerham v. Rose*, No. 11-277, 2011 WL 1515159, at *2 (N.D. Tex. Apr. 18, 2011) (citation and internal punctuation omitted); *see also Richard v. City of Port Barre*, No. 14-02427, 2015 WL 566896, at *2 (W.D. La. Jan. 20, 2015) ("Dismissal of the complaint itself is inappropriate where there exists a reasonable prospect that service may be obtained.").

Here, Third-Party Plaintiff Gregory Davenport has submitted two summons returns in which the servers of process indicated, under penalty of perjury, that they personally served Shanita Cobb at the Pennsylvania address. (R. Docs. 23, 30). Third-Party Defendant Shanita Cobbs has not submitted a declaration or affidavit indicating, under penalty of perjury, that she was not personally served the Third-Party Complaint and Summons. The assertions by Ms. Cobbs through counsel in support of her motion, which are not made under penalty of perjury, do not constitute "strong and convincing evidence" that she was not personally served. *See*

4

*People's United*, 447 F. App'x at 524 (district court did not abuse its discretion in denying motion to dismiss where defendant claimed he was not personally served despite process server's declaration under penalty of perjury where defendant only submitted an un-notarized affidavit in support).

Based on the record, the undersigned finds no basis for recommending dismissal of the third-party claims brought against Ms. Cobb or to otherwise order Mr. Davenport to serve process on Ms. Cobb and/or demonstrate that the earlier attempts at service were proper.

### III. Conclusion

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motions (R. Doc. 26 and R. Doc. 33) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 20, 2016.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**