UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TYLER WOODERS, ET AL.**                         **CIVIL ACTION**

**VERSUS**

**NO. 15-601-JWD-RLB**

**GREGORY DAVENPORT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 19, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TYLER WOODERS, ET AL.**　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　　　NO. 15-601-JWD-RLB**

**GREGORY DAVENPORT, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Joint Motion to Remand filed by Gregory Davenport, Shanita Cobb, Joshua Cobb, and State Farm Mutual Automobile Insurance Company on April 26, 2017. (R. Doc. 54). All of the parties remaining in this action join in this motion.

On August 4, 2015, Tyler Wooders, and Reginald Leblanc and Joshua Cobb, individually and on behalf of their minor child, (collectively, "Plaintiffs') filed a Petition in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-2). Plaintiffs allege that a 2004 Chevy Tahoe operated by Tyler Wooders, and owned by Shanita Cobb, was struck by a 2008 BMW X6 driven by Gregory Davenport or a permissive driver. Plaintiffs further allege that Reginald Leblanc, Joshua Cobb, and their minor child were passengers in the Chevy Tahoe at the time of the accident. Plaintiffs named as defendants Mr. Davenport, his insurer Geico Casualty Company ("Geico"), and Shanita Cobb's insurer, State Farm Mutual Automobile Insurance Company ("State Farm").

On September 9, 2015, State Farm removed the action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). In support of diversity jurisdiction, State Farm asserted that the parties were completely diverse and that the amount in controversy requirement was satisfied in light of the allegations in the Petition, the $100,000 per

1

person/$300,000 per accident limits on the Geico policy, and the $15,000 per person/$30,000 per accident limits on the State Farm policy.

On June 6, 2016, Mr. Davenport's Third Party Demand and Cross-Claim, which asserted a counterclaim against Mr. Wooders, a crossclaim against co-defendant State Farm, and a third-party claim against Shanita Cobb, was entered into the record. (R. Doc. 20).

On October 5, 2016, Mr. Davenport's Amended Third Party Demand and Cross-Claim, which substituted Joshua Cobb for Mr. Wooders as a counterclaim defendant, was entered into the record. (R. Doc. 35).

On November 2, 2016, the Court dismissed all claims brought by Mr. Wooders against Mr. Davenport and Geico. (R. Doc. 41).

On January 24, 2017, the Court dismissed all claims brought by Reginald Leblanc and Joshua Cobb, individually and on behalf of their minor child, against Mr. Davenport, Geico, and State Farm. (R. Doc. 49).

On March 17, 2017, the Court dismissed all claims brought by Mr. Wooders against State Farm. (R. Doc. 51).

All of Plaintiffs' claims raised in the Petition have been dismissed. The remaining parties now seek remand of the action on the basis that the Court no longer has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 and/or the Court should decline to exercise supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367. (R. Doc. 54-1). The remaining claims are Mr. Davenport's third-party claim against Shanita Cobb; Mr. Davenport's counterclaim against Joshua Cobb; and Mr. Davenport's crossclaim against State Farm in its capacity as the liability insurer of Shanita Cobb and Joshua Cobb. (R. Doc. 54-1 at 5).

2

The parties assert that Mr. Davenport has stipulated that he is seeking less than $75,000 in damages. (R. Doc. 54-1 at 5).

At the time of removal, the Court exercised subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332, in light of the allegations raised in the Notice of Removal and the Petition. The claims over which the Court exercised diversity jurisdiction at the time of removal have been dismissed.

Subsequent to removal, the Court exercised subject matter jurisdiction over the asserted third-party claim, counterclaim, and crossclaim pursuant to the supplemental jurisdiction statute. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Because the Court has dismissed all claims over which it exercised original jurisdiction pursuant to the diversity jurisdiction statute, it must now determine whether it should continue to exercise supplemental jurisdiction over the remaining claims. The supplemental jurisdiction statute provides, in relevant part, that the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 232 (5th Cir. 2016) (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)).

The Court has dismissed all claims over which it exercised diversity jurisdiction. The parties have made no showing that the Court can exercise diversity jurisdiction over the

remaining claims. All of the remaining parties seek remand to state court. Based on the foregoing, it is proper for the Court to decline to exercise supplemental jurisdiction over the remaining claims, and to remand the action to state court.

**IT IS RECOMMENDED** that the Joint Motion to Remand (R. Doc. 54) be **GRANTED**, and the action be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 19, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**